**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**U.S. BANK TRUST, N.A., as Trustee for LSF9
Master Participation Trust,**

                                 **Plaintiff,**

v.                                                                 1:16-CV-0019 (BKS-DEP)

**KATHLEEN CIRELLI & MICHAEL CIRELLI,**

                                 **Defendants.**

_____

**APPEARANCES:**

For Plaintiff:
**Stephen J. Vargas, Esq.**
Gross Polowy, LLC
900 Merchants Concourse, Ste. 412
Westbury, NY 11590

**Hon. Brenda K. Sannes, United States District Court Judge:**

**ORDER**

On March 9, 2017, the Court entered Judgment of Foreclosure and Sale against Defendants Kathleen Cirelli and Michael Cirelli in the in the amount of $243,071.17 with an unpaid principal balance of $196,091.30 in connection with the mortgaged property at 11 Pinewood Hollow Road, Queensbury, NY 12804. (Dkt. No. 26). On December 21, 2017, Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, notified the Court that "the Plaintiff . . . entered into a loan modification agreement with the Defendants, which cured their mortgage loan default, resolved the foreclosure action, and nullified the Judgment of Foreclosure and Sale." (Dkt. No. 28, ¶ 6). Presently before the Court is Plaintiff's motion to: vacate the Judgment of Foreclosure and Sale under Rule 60(b) of the Federal Rules of

Civil Procedure; voluntarily dismiss this action under Rule 41(a)(2); and cancel the Notice of Pendency under Rule 6514 of the New York Civil Practice Law and Rules. (Dkt. No. 27).

Rule 60(b)(5) states that "the court may relieve a party . . . from a final judgment, order, or proceeding" when "the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper v. Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "Although 'it should be broadly construed to do substantial justice . . . final judgments should not be lightly reopened.'" *Id.* (quoting *Nemaizer*, 793 F.2d at 61).

Here, according to Plaintiff, the parties have "entered a loan modification agreement, which cured [Defendants'] mortgage loan default, resolved the foreclosure action, and nullified the Judgment of Foreclosure and Sale." (Dkt. No. 28, ¶ 6). Defendants have not opposed Plaintiff's motion or contested its representations. Nor is there any basis on which to find Plaintiff's motion, which was made approximately nine months after judgment was entered, and one week after the parties entered the loan modification agreement, untimely. *See* Fed. R. Civ. P. 60(c)(1) ("A motion made under Rule 60(b) must be made within a reasonable time."). Finally, as it appears that Defendants have cured the mortgage loan default and entered a loan modification agreement, it would be inequitable to allow the Judgment of Foreclosure and Sale in connection with the property at issue to remain in place. *E. Sav. Bank, fsb v. Strez*, 320 F.R.D. 9, 11 (E.D.N.Y. 2017) (granting motion to vacate judgment under Rule 60(b)(5) where the "the borrowers are now able to fulfill, and have been fulfilling, their obligations under the home

mortgage agreement with ESB, applying the [Judgment of Foreclosure and Sale] prospectively, following the successful negotiation of and compliance by the Strezes with the Agreement, is no longer equitable"). Thus, Plaintiff's motion to vacate the Judgment of Foreclosure and Sale is granted.

For these reasons, Plaintiff's motion for voluntary dismissal under Rule 41(a)(2), which states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," is also granted.

Finally, Plaintiff seeks cancellation of the Notice of Pendency under N.Y. C.P.L.R. 6514(a), which mandates cancellation where, as here, an "action has been settled, discontinued or abated." Thus, Plaintiff's request is granted.

Accordingly, it is

**ORDERED** that Plaintiff's motion to vacate the Judgment of Foreclosure and Sale (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to vacate the Judgment of Foreclosure and Sale (Dkt. No. 26); and it is further

**ORDERED** that Plaintiff's motion for voluntary dismissal (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that the County Clerk of Warren County is directed, upon payment of proper fees, if any, to cancel and discharge a certain Notice of Pendency filed in this action on January 26, 2016 and any predecessor filing, against property known as Section 295.17, Block 1, Lot 45 and also known as 11 Pinewood Hollow Road, Queensbury, NY 12804, and said Clerk is hereby

directed to enter upon the margin of the record of the same a Notice of Cancellation referring to this Order; and it is further

**ORDERED** the Referee appointed herein to sell, pursuant to the Judgment of Foreclosure, be and hereby is relieved and discharged of any and all obligations and requirements thereunder; and it is further

**ORDERED** that the Clerk of the Court is directed to dismiss the Complaint (Dkt. No. 1) without prejudice and close this case.

**IT IS SO ORDERED.**

**Dated: July 5, 2018**

Brenda K. Sannes
U.S. District Judge